IN THE DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KARI J. LAUTERBACH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| STATE OF ILLINOIS DEPARTMENT OF ) | |
| STATE POLICE, ) | |
| ) | |
| Defendant. ) | **Plaintiff demands a trial by jury** |

# COMPLAINT

Now Comes the Plaintiff, Kari Lauterbach (hereafter "Lauterbach"), by and through her undersigned attorney, John A. Baker, and in support of her complaint against the State of Illinois Department of State Police (hereafter the "ISP"), states as follows:

## I. JURISDICTION

1.  Lauterbach brings forth two separate, however closely related, claims against the ISP.  Both claims are brought alleging that the ISP discriminated against her in the payment of her wages on the basis of her gender.  The claims allege violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

2.  Both of these claims are brought under federal statutes vesting jurisdiction in this Court under 28 U.S.C. § 1331.

## II. Venue

3. All of the actions giving rise to this complaint occurred within the confines of Sangamon County, Illinois. As such, venue is proper in the Central District of Illinois.

## III. Parties

4. Lauterbach is an adult resident of Sangamon County and worked for the ISP in Springfield, Illinois.

5. The ISP is a large state agency that employs in excess of 1,000 employees around the state of Illinois. It is the state's primary law enforcement agency.

## IV. Factual Allegations

6. Lauterbach's claims stem from the fact that during the course of her employment with the ISP her wages were not commiserate with the pay that comparable male employees were paid.

7. Lauterbach was employed by the ISP from August 28, 1979, through her retirement in May, 2012.

8. Lauterbach worked for the ISP as an administrative, i.e. "code" employee and never had sworn law enforcement powers.

9. For a number of years before 2009 the ISP considered itself to consist of five different divisions: (1) Operations; (2) Administration; (3) Forensics; (4) Internal Investigations; and (5) Information Technology Command.

10. In approximately June of 2009 the ISP began treating the Information

Technology Command as no longer being a separate division. Instead, it was classified as part of the Division of Administration. At that time two bureaus from the old division were merged and collectively it became known as the Information Services Bureau.

    11.    In October of 2006, Lauterbach assumed some of the duties of the position of Assistant Bureau Chief within the ISP's Information Technology. That position was classified as a Senior Public Service Administrator ("SPSA").

    12.    The Illinois Department of Central Management Services is responsible for assigning job classifications to different positions at the ISP. Within the Information Technology Command, there were the following non-sworn positions (in descending order) that were recognized by CMS:

> Senior Public Service Administrator ("SPSA")
> Information Systems Analyst III ("ISA 3")
> Public Service Administrator ("PSA")
> Information Systems Analyst II ("ISA 2")
> Information Systems Analyst I ("ISA 1")
> Information Services Specialist ("ISS 2")
> Information Services Specialist ("ISS 1")

    13.    At all times relevant to this complaint Lauterbach was performing the job duties of an Assistant Bureau Chief.

    14.    At all times beginning in August, 2009, Lauterbach's immediate supervisor was the Bureau Chief, Alan Burgard.

    15.    During the period of time between January 1, 2009, and May 31, 2012, there were three people who performed the job duties of an Assistant Bureau Chief within the Information Technology Command Bureau. These three individuals were:

David Law; Lauterbach; and James Blakley.

16. Of the above individuals, all except Lauterbach were female.

17. Of those individuals all were paid significantly more than Lauterbach. As of February, 2012, they each earned the following amounts:

| | |
|---|---|
| David Law | $8810 per month (retired in 2009) |
| James Blakley | $8335 per month |
| Lauterbach | $7590 per month |

18. There was no legitimate reason that would necessitate these individuals being paid more than Lauterbach. In fact, Lauterbach had significantly more seniority than Blakley and her seniority was comparable to Law's.

19. Since 2009, there have been six individuals who have held the job classification of SPSA within the Information Technology Command Bureau. Those individuals include the three identified in paragraph 17 and Doug Phillips, Cindy Eicher and Carol Gibbs. Phillips' monthly pay, despite the fact that he performed lesser duties than Lauterbach, was $8053 per month. Eicher and Gibbs are both females and both received pay less than that received by Lauterbach. As such, of the six SPSA's employed by the Bureau, the top three wage earners were the three male employees and the three bottom wage earners were the female employees.

20. In February of 2012, there were a number of non-sworn male employees in the Bureau who held lower job classifications than Lauterbach but who received significantly more pay per month. Each of these individuals had significantly less job responsibility than Lauterbach:

| Name | Classification | Monthly $ | Seniority Year |
|---|---|---|---|
| Steve Pratt | PSA | $9179 | 1977 |
| John Cox | PSA | $9179 | 1978 |
| Derek Lindsey | ISA 1 | $7619 | 1979 |
| Mike Brooks | ISA 2 | $8603 | 1979 |
| Cary Houston | ISA 2 | $8603 | 1980 |
| Jim Milobrandt | PSA | $9104 | 1980 |
| Chris Schilling | ISA 1 | $7619 | 1980 |
| Doug Burkhart | ISA 2 | $8603 | 1985 |
| Frank Fuchs | PSA | $9104 | 1986 |
| Jay Traughber | ISA 1 | $7619 | 1986 |
| Jeff Eicher | ISA 2 | $8603 | 1987 |
| Jack Steele | ISA 2 | $8603 | 1988 |
| Bob Staff | PSA | $9104 | 1989 |
| Lance Pisci | PSA | $9104 | 1989 |
| Jeff McDonald | PSA | $8603 | 1989 |
| Carl Campbell | ISA 2 | $8200 | 1989 |
| Darrin Turner | PSA | $9104 | 1990 |
| Greg Hudspeth | ISA 2 | $8528 | 1993 |
| Harold Moore | ISA 2 | $8603 | 1993 |
| Howard Peppers | ISA 3 | $9393 | 1996 |

## COUNT I
*Equal Pay Act*

21.    Paragraphs 1 through 20 are incorporated herein.

22.    The ISP Information Technology Command has consistently paid Lauterbach substantially less money that her male counterparts.  Additionally, it has continually paid her less money than male subordinate employees.

23.    As a result of the foregoing the ISP has violated Lauterbach's rights under the Equal Pay Act.

24.    As a result of the violation of her rights Lauterbach has sustained economic and non-economic damages.

25.    In addition to lost wages Lauterbach has incurred attorney fees necessary for her to prosecute her claim.

Lauterbach respectfully requests that this Court enter judgment in her favor and enter an order providing her with the following relief:

A.    A declaration that the ISP violated her rights under the Equal Pay Act;

B.    An award of her actual economic damages;

C.    An award of her non-economic damages;

D.    An award of the reasonable attorney fees she has incurred as a result of the violation of her rights under the Equal Pay Act; and

E.    Other relief that is just and equitable.

**Lauterbach requests that this claim be tried by a jury**

## COUNT II
*Title VII*

26. Paragraphs 1 through 20 are incorporated herein.

27. The ISP Information Technology Command has consistently paid Lauterbach and her female counterparts substantially less money that her male counterparts. Additionally, it has continually paid her and her female counterparts less money than male subordinate employees.

28. As a result of the foregoing the ISP has violated Lauterbach's rights under Title VII of the Civil Rights Act of 1964. As such, the ISP has discriminated against Lauterbach on account of her gender.

29. As a result of the violation of her rights Lauterbach has sustained economic and non-economic damages.

30. In addition to lost wages Lauterbach has incurred attorney fees necessary for her to prosecute her claim.

Lauterbach respectfully requests that this Court enter judgment in her favor and enter an order providing her with the following relief:

A. A declaration that the ISP violated her rights under Title VII of the Civil Rights Act of 1964;

B. An award of her actual economic damages;

C. An award of her non-economic damages;

D. An award of the reasonable attorney fees she has incurred as a result of the violation of her rights under the Equal Pay Act; and

E. Other relief that is just and equitable.

**Lauterbach requests that this claim be tried by a jury**

          Kari Lauterbach

          By: /s/ John A. Baker
              Her Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:  (217) 522-3445
Facsimile:  (217) 522-8234
E-mail:  johnbakerlaw@gmail.com