UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **KARI J. LAUTERBACH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-cv-03228 |
| | ) | |
| **THE ILLINOIS STATE POLICE,** | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court in this gender–employment discrimination suit is Plaintiff Kari J. Lauterbach's Motion to Strike the Affidavit of Katherine Parmenter (d/e 18). Defendant the Illinois State Police ("ISP") filed the Parmenter Affidavit as Exhibit 5 to its Memorandum in Support of its Motion for Summary Judgment (d/e 15). Lauterbach moves to strike the Parmenter Affidavit on the grounds that the Affidavit is inadmissible as hearsay because Defendant did not attach the documentary exhibits upon which Parmenter relied in preparing the Affidavit. ISP contends that the Parmenter Affidavit is a proper summary of voluminous documentary evidence under Federal Rule of Evidence 1006 and complies with Federal

Rule of Civil Procedure 56(c)(4), governing affidavits used to support a motion for summary judgment. Because the Parmenter Affidavit complies with Federal Rule of Evidence 1006 and Federal Rule of Civil Procedure 56(c)(4), and because opinions expressed in the Parmenter Affidavit as to ultimate facts are permissible under Federal Rule of Evidence 704, Plaintiff's Motion to Strike is DENIED.

## I. BACKGROUND

Lauterbach has brought a two-count complaint against ISP alleging she was not paid equally for equal work in violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1), and gender discrimination under Title VII of the Civil Rights Act of 1964. After the close of discovery, ISP filed its Motion for Summary Judgment on October 1, 2014, and attached an affidavit from Katherine Parmenter, Chief of the Illinois State Police Office of Human Resources. On November 11, 2014, Lauterbach filed the present Motion to Strike the Parmenter Affidavit.

## II. ANALYSIS

Lauterbach moves to strike the Parmenter Affidavit on the grounds that it is "replete with hearsay." Specifically, Lauterbach

contends that the Parmenter Affidavit contains summary conclusions, drawn from documentary evidence regarding the pay of Lauterbach and other ISP employees, as to the non-discriminatory fashion in which ISP pay policies were applied to Lauterbach.

Though Lauterbach contends the Parmenter Affidavit contains hearsay, Lauterbach does not contend that the documentary evidence underlying the Parmenter Affidavit is hearsay, as well she shouldn't.  The parties agree that this documentary evidence is admissible under the business records exception to the hearsay exclusionary rule.  See Fed. R. Evid. 803(6).  Lauterbach does argue that the Parmenter Affidavit lacks foundation for the admissibility of the documentary evidence because Parmenter fails to describe adequately the promotions history for Lauterbach and other ISP employees or to identify specifically which documents Parmenter reviewed or when she reviewed them.  But foundation for the admissibility of the documentary evidence requires only that the records (1) were made at or near the time of the act or event, (2) by someone with knowledge of the act or event, (3) in the course of a regularly conducted activity of an organization, (4) as a regular

practice of that activity. See Fed. R. Evid. 803(6)(A)–(C). Lauterbach does not dispute that ISP's documentary evidence meets these criteria, nor does Lauterbach contend that Parmenter is not a qualified witness, nor that the method or circumstances of the documents' preparation indicates a lack of trustworthiness. See Fed. R. Evid. 803(6)(D)–(E). Because Parmenter properly asserts, and Lauterbach does not refute, the necessary foundation to admit the documentary evidence underpinning the Parmenter Affidavit, that documentary evidence is admissible.

Parmenter's summary of that documentary evidence, then, is admissible if it complies with the evidentiary rule governing summaries to prove content. Federal Rule of Evidence 1006 provides that a proponent of evidence "may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court," provided that the proponent make originals or duplicates available for examination or copying at a reasonable time and place. The voluminous documentary evidence must itself be admissible, as has been shown in this case. See, e.g., Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 382 (2008) ("The

admission of a summary under Fed. R. Evid. 1006 requires a proper foundation as to the admissibility of the material that is summarized and . . . [a showing] that the summary is accurate . . . ." (alteration in original) (citations omitted)). If the summary offered complies with Rule 1006, the summary itself is substantive evidence in the case, and the underlying documentary evidence itself need not be actually admitted into evidence. See, e.g., Bristol Steel & Iron Works v. Bethlehem Steel Corp., 41 F.3d 182, 189 (4th Cir. 1994) ("[Rule 1006] obviates the need to introduce the underlying evidence . . . ."); Pierce v. Ramsey Winch Co., 753 F.2d 416, 430 (5th Cir. 1985) ("[Evidence] admitted pursuant to Rule 1006 is itself evidence and should go to the juryroom during deliberations along with the other exhibits.").

In the present case, ISP has asserted, and Lauterbach has not disputed, that the documentary evidence underpinning the Parmenter Affidavit has been made reasonably available to Lauterbach for examination and copying. Indeed, ISP has provided copies of the documentary evidence directly to Lauterbach and filed

a CD-ROM with the Court containing the documentary evidence.[1] Accordingly, the Lauterbach Affidavit conforms to Rule 1006 and will not be struck.

Lauterbach further disputes the admissibility of the Parmenter Affidavit because it contains Parmenter's opinions in a manner that Lauterbach claims will impermissibly shift the burden of proving non-discriminatory conduct in the Equal Pay Act claim. Unlike a traditional Title VII claim, under the Equal Pay Act, an employee need only make a prima facie case of gender discrimination in pay; thereafter, the defendant employer must actually prove that its non-discriminatory justification for the pay disparity. See, e.g., King v. Acosta Sales & Mktg., 678 F.3d 470, 474 (7th Cir. 2012) ("[Plaintiff's] claim under the Equal Pay Act must be returned to the district court for a trial at which [the employer] will need to prove, and not just assert, that education and experience account for these differences [in pay]."). According to Lauterbach, if the Parmenter Affidavit is allowed, Parmenter's conclusion that ISP had

---

[1] With leave of the Court, ISP has filed the CD-ROM under seal because it contains sensitive personnel information that would otherwise need to be redacted under Local Rule 49.12. (See Text Order, Dec. 2, 2014.)

non-discriminatory reasons to establish Lauterbach's pay would shift the burden to Lauterbach to establish that ISP's stated justification is merely pretextual, contrary to the requirements of the Equal Pay Act.

Lauterbach's concern about impermissible burden-shifting is premature, however. Federal Rule of Evidence 704 abolished the "ultimate issue rule," permitting the opinion of an affiant on the ultimate issues to be decided in the case. Fed. R. Evid. 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue."); see also, e.g., Case & Co., Inc. v. Bd. of Trade of Chi., 523 F.2d 355, 361 (7th Cir. 1975) (denying motion to strike affidavit of Act Administrator of Commodity Exchange Authority, premised on Act Administrator's opinions on ultimate issues in affidavit attached to motion for summary judgment). The defect of including an opinion on an ultimate issue goes to the weight of the Parmenter Affidavit's persuasive force, not its admissibility. See id. And in any event, at the state of a motion to dismiss, all facts must be seen and all conclusions drawn in the light most favorable to Lauterbach as the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For these reasons, the Parmenter Affidavit does not

non-discriminatory reasons to establish Lauterbach's pay would shift the burden to Lauterbach to establish that ISP's stated justification is merely pretextual, contrary to the requirements of the Equal Pay Act.

Lauterbach's concern about impermissible burden-shifting is premature, however. Federal Rule of Evidence 704 abolished the "ultimate issue rule," permitting the opinion of an affiant on the ultimate issues to be decided in the case. Fed. R. Evid. 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue."); see also, e.g., Case & Co., Inc. v. Bd. of Trade of Chi., 523 F.2d 355, 361 (7th Cir. 1975) (denying motion to strike affidavit of Act Administrator of Commodity Exchange Authority, premised on Act Administrator's opinions on ultimate issues in affidavit attached to motion for summary judgment). The defect of including an opinion on an ultimate issue goes to the weight of the Parmenter Affidavit's persuasive force, not its admissibility. See id. And in any event, at the state of a motion to dismiss, all facts must be seen and all conclusions drawn in the light most favorable to Lauterbach as the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For these reasons, the Parmenter Affidavit does not

shift the burden of proof contrary to the Equal Pay Act, and it should not be struck.

### III.  CONCLUSION

For these reasons, Lauterbach's Motion to Strike the Affidavit of Katherine Parmenter (d/e 18) is DENIED.  Lauterbach may fully depose Katherine Parmenter by February 15, 2015.  The parties are DIRECTED to file supplemental pleadings, if any, on or before March 2, 2015.  The parties may file responses to any supplemental pleading on or before March 16, 2015.

IT IS SO ORDERED.

ENTER:  January 12, 2015

FOR THE COURT: <u>s/ Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE